# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DIVISION OF TEXAS
# BEAUMONT DIVISION

No. 1:05CR136-005

United States of America

v.

Janna Nicole Helmich

                         Defendant

**Report and Recommendation Re: Petition for Warrant
or Summons for Offender Under Supervision**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed March 4, 2010, alleging that defendant violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); Local Rules for the Assignment of Duties to United States magistrate judge.

## I. The Original Conviction and Sentence

Defendant was sentenced on October 10, 2006, before The Honorable Thad Heartfield, U.S. District Judge of the Eastern District of Texas, after pleading

guilty to the offense of possession with intent to distribute less than 5 grams of cocaine base, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 16 and a criminal history category of I, was 21 to 27 months. Defendant was subsequently sentenced to 24 months imprisonment followed by 2 years supervised release subject to the standard conditions of release, plus special conditions financial disclosure; drug aftercare; and a $100 special assessment.

## II. The Period of Supervision

On April 1, 2008, defendant completed her period of imprisonment and began service of the supervision term.

## III. The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on March 4, 2010. The petition alleges that defendant violated the following conditions of release:

Mandatory Condition: Defendant shall not commit another federal, state, or local crime.

As grounds, the petition alleges that defendant pled guilty on January 8, 2010 in Jefferson County, Texas to securing execution of document by deception, and was sentenced to one year state jail.

## IV. Proceedings

On February 9, 2011, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release, and the appropriate course of action.

At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition. Defendant would agree to plead "true" to the allegation that he violated a mandatory condition of supervised release by failing to not commit another federal, state, or local crime. In exchange for defendant's plea of "true," the court should revoke defendant's supervised release and impose 4 months imprisonment, with no term of supervised release thereafter.

Defendant pled "true" to the allegation that she violated a mandatory condition of supervised release by failing to not commit another federal, state, or local crime.

### V. Principles of Analysis

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time served on post-release supervision, if the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release. The original offense of conviction was a Class C felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is 2 years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a mandatory condition of supervised release by failing to not commit another federal, state, or local crime, defendant will be guilty of committing a Grade B violation. U.S.S.G. § 7B1.3(a)(1) indicates upon

a finding of a Grade B violation, the Court shall revoke supervised release. U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade B violation and a criminal history category of I, the guideline imprisonment range is 4 to 10 months.

According to U.S.S.G. § 7B1.3(f), any term of imprisonment upon revocation of supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of supervised release.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

## VI. Application

Defendant pled "true" to the allegation that he violated a mandatory condition of supervised release by failing to not commit another federal, state, or local crime.. Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.1(a), the undersigned finds that defendant violated conditions of supervised release by failing to not commit another federal, state or local crime.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). Defendant's violation is a Grade B violation with policy guidelines suggesting 4 to 10 months imprisonment upon revocation. Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with conditions of his supervision by failing to not commit another federal, state, or local crime. As such, incarceration appropriately addresses defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a term of incarceration.

## RECOMMENDATIONS

1. The court should find that defendant violated a mandatory condition of supervised release, by failing to not commit another federal, state, or local crime, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

3. Defendant should be sentenced to a term of imprisonment of 4 months.

4. Upon release of imprisonment, defendant should not be placed on supervised release.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein, and consenting to the imposition of the above sentence recommended in this report. Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this  10   day of February, 2011.

/s/ Earl S. Hines
Earl S. Hines
United States Magistrate Judge